George E. LEDFORD, d/b/a New Era Construction, Plaintiff,

v.

HOUSING AUTHORITY OF the SAC AND FOX TRIBE OF MISSOURI, Defendant.

Civ. A. No. 85–2207–S.

United States District Court, D. Kansas.

May 16, 1985.

John S. Torkelson, Robert A. Babcock, Margolin & Kirwan, Kansas City, Mo., John L. Peterson, Williamson & Cubbison, Kansas City, Kan., for plaintiff.

Robert F. Duncan, Duncan, Senecal & Bednar, Atchison, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for a preliminary injunction to enjoin the defendant from dissipating or encumbering any portion of the construction funds allotted to defendant by the Department of Housing and Urban Development [hereinafter HUD] of the United

States of America for construction of twenty (20) low-cost dwelling units in Reserve, Kansas, Project No. KS16B151001, or in the alternative for the posting of a bond by the defendant in the amount of Seven Hundred Fifty-Two Thousand Two Hundred Dollars ($752,200). A preliminary injunction hearing commenced on April 12, 1985, at which time plaintiff presented his evidence. At the close of plaintiff's evidence, the court recessed to allow the parties to prepare briefs on the issue of whether plaintiff may place a mechanic's lien on the property which is the subject of this lawsuit. The court agreed to reopen the preliminary injunction hearing, if necessary, after considering the arguments in the briefs. The parties have completed briefing, and the court is now prepared to rule.

The standards which govern the issuance of a preliminary injunction are well settled. The moving party must establish: (1) a substantial likelihood that the movant will eventually prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing parties; and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980).

Of these standards, "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief." C. Wright & A. Miller, 11 *Federal Practice and Procedure*, § 2948, pp. 431–34 (1973).

The issue before this court is whether, absent a preliminary injunction, plaintiff would be denied an adequate remedy for any of the damages claimed in the complaint. This case stems from a dispute over the construction of ten duplexes (20 housing units) in Reserve, Kansas. On October 15, 1983, plaintiff entered into a contract with defendant for the construction and sale of housing units. Plaintiff agreed to use plans and specifications furnished by defendant. The original completion date of July 15, 1984, was later amended to March 28, 1985. Under the contract, the defendant agreed to purchase all twenty housing units for the total sum of Seven Hundred Fifty-Two Thousand Two Hundred Dollars ($752,200). The construction contracts incorporated by reference the Annual Contribution Contracts (ACC) executed by defendant and by HUD, pursuant to 42 U.S.C. 1437, *et seq.* Under the contracts, HUD agreed to make the contribution of $752,200 to finance the housing project.

Construction was not completed in the allotted time, and there is a dispute whether the completed portions of the project are in substantial compliance with the plans and specifications. Plaintiff's contract was terminated on March 28, 1985. He has not been paid. Defendant seeks to complete the project by taking bids and awarding a contract to a new contractor. There is a dispute as to how much of the project is currently complete and how much work and expense would be required to complete the contract in accordance with the plans and specifications. Payment to the new contractor would be made from the funds allocated by HUD.

In the usual case, preliminary injunction would be unavailable because of the availability of a mechanic's lien under Kansas law. K.S.A. 60–1101, *et seq.* Here, the sovereign immunity issue complicates the matter. Plaintiff contends he is barred under law from making use of the normal contractor remedies, such as a mechanic's lien, because defendant has failed to waive sovereign immunity; consequently, a judgment would fail to create a lien against such property of the defendant. Plaintiff claims that if the court does not grant the preliminary injunctive relief, the allotted funds remaining after completion costs will not satisfy plaintiff's claims. Defendant, a Kansas corporation, was enacted by Tribal Ordinance No. 18–81 on July 8, 1981, under

municipal rules established in accordance with 24 C.F.R. 905.109. Several provisions of the tribal ordinance are relevant hereto. Article V.2 states:

> The Council hereby gives its irrevocable consent to allowing the Authority to sue and be sued in its corporate name, upon any contract, claim or obligation arising out of its activities under this ordinance and *hereby authorizes the Authority to agree by contract to waive any immunity from suit which it might otherwise have;* but the Tribe shall not be liable for the debts or obligations of the Authority. (Emphasis added.)

At Article VII.7, it is stated:

> All property including funds acquired or held by the Authority pursuant to this ordinance shall be exempt from levy and sale by virtue of an execution, and no execution or other judicial process shall issue against the same nor shall any judgment against the Authority to (sic) be a charge or lien upon such property. However, the provisions of this section shall not apply to or limit the right of obligees to pursue any remedies for the enforcement of any pledge or lien given by the Authority on its rents, fees or revenues or the right of the Federal government to pursue any remedies conferred upon it pursuant to the provisions of this ordinance or the right of the Authority to bring eviction actions in accordance with Article V, Section 3(1).

The relevant provisions of this tribal ordinance are the same as the relevant provisions of the tribal ordinance involved in *Namekagon Development Co. v. Bois Forte Reservation Housing Authority,* 517 F.2d 508 (8th Cir.1975). There, the court noted that since an Indian tribe is immune from unconsented suit, the court must construe any consent to suit strictly and enforce any conditional limitations imposed on that consent. The court held that under what is Article VII.7 above restrictions were placed on that waiver so that the net result of the ordinance was a waiver only of the right to be free from suit and not of the right to be free from judicial execution upon any judgment arising from such suit. *Id.* at 509. However, the court noted that the very terms of the ordinance (Article V.2 of the instant contract) authorized the Authority to "agree by contract to waive any immunity from suit which it might otherwise have." Thus, it is necessary in the instant case, to consider the terms of the contract between the plaintiff and defendant. Here, at Section 2.26 of the contract between plaintiff and defendant, the parties clearly contemplated mechanics' liens and this contractual provision must be read as a waiver by the defendant of its sovereign immunity as to mechanic's liens. Because of this waiver, the court finds that a mechanic's lien under state law is an available remedy to plaintiff, and therefore an injunction should not issue.

Further, an additional issue raised by plaintiff in his brief, that legal title to the property is not in the name of the defendant Housing Authority, has been corrected by warranty deed dated April 23, 1985, wherein the Sac and Fox Tribe of Missouri, Reserve, Kansas, deeded the relevant property to the housing authority of the Sac and Fox Tribe of Missouri, Reserve, Kansas.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for preliminary injunction is hereby denied.